Armando **GUERRERO TORRES**,
Petitioner,

v.

Alberto **GONZALES**,\* Attorney
General, Respondent.

No. 03–72704.
Agency No. A77–810–543.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Samuel U. Ogbu, Emeziem & Ogbu, LLP., Emeryville, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Armando Guerrero Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his applications for cancellation of removal, asylum and withholding of removal. We have partial jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's discretionary determination that Torres failed to demonstrate exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 891–92 (9th Cir.2003). We therefore dismiss the petition to the extent it challenges the IJ's finding that he was not eligible for cancellation of removal because he failed to establish the requisite hardship.

■ We review for substantial evidence the IJ's denial of Torres' application for asylum. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). Substantial evidence supports the IJ's denial. Torres testified only that he would suffer problems if returned to Mexico because he does not like people to be taken advantage of or abused and that he had been threatened by police in the past for protesting such abuse. Such claims are insufficient to establish a well-founded fear of persecution on account of a protected ground. *See Singh v. INS,* 134 F.3d 962, 966–67 (9th Cir.1998).

*** This disposition is not appropriate for publication and may not be cited to or by the

■ Because Torres did not establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Lata,* 204 F.3d at 1244.

■ We review the decision to deny a continuance for clear abuse of discretion, *Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996), and due process challenges de novo, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003). Torres had several months to secure representation, including a nine-month continuance where Torres was on notice that his case would be heard at the next scheduled hearing with or without counsel. We conclude that it was neither an abuse of discretion nor a due process violation to deny an additional continuance. *See Vides–Vides v. INS,* 783 F.2d 1463, 1469–70 (9th Cir.1986).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.